STATE *v.* CATE.

The prohibition of unusual traffic within two miles of any public assembly convened for religious worship (Gen. St., *c.* 255, *s.* 9) is constitutional.

It is not necessary to allege or prove that the traffic disturbed the assembly or its worship.

COMPLAINT, under Gen. St., *c.* 255, *s.* 9, for exposing merchandise for sale, at Epping, in a booth within four rods of Hedding Camp-Meeting. The question of the constitutionality of the statute, and the question whether the complaint should allege that the meeting or its worship was disturbed by the defendant's business, were raised by demurrer.

*Frink*, for the defendant, cited Bill of Rights, *arts.* 2, 10, and 12 ; *L. S. Association* v. *C. C. Co.*, 1 Abb. U. S. 388 ; *Foster* v. *New Orleans*, 94 U. S. 246.

*Small*, solicitor, for the state.

STANLEY, J. The statute does not prohibit any person selling goods at the shop or store where he usually transacts business, nor prevent any peddler from selling his goods to any person at the usual place of business or residence of such person. It does not anywhere, or under any circumstances, interfere with the usual and ordinary business of any person ; but it does forbid any extraordinary or unusual business within two miles of any public assembly convened for religious worship without the approval or consent of the managers of such assembly. It is in aid of that provision of the Bill of Rights which guarantees to all the right of religious worship unmolested. It applies only while the assembly is convened for religious worship. Its object evidently was, to prevent a temporary and unusual traffic ; to prevent an assemblage convened for religious worship being made the occasion for engaging in any special and unusual business that might disturb them in the enjoyment of their rights. This is within the police power of the state.

It is urged that this statute creates a monopoly ; but we think it lacks all the elements necessary for this purpose. It is general in its operation ; it applies alike to all assemblies convened for religious worship, whether under the management of individuals or associations. It is no respecter of sects or denominations. No right is granted or power conferred that is not open to every citizen, and to the managers of every assembly convened for such purposes. It does not confer upon any man or class or association any right or privilege that is not open to every man of every class or association. The primary object of the statute was, the protection of the citizen in the

unmolested and undisturbed enjoyment of the right of worship; and the restriction of the defendant in his absolute rights of property is carried so far only, as, in the judgment of the legislature, was necessary to secure this end.

It is not necessary to allege or prove that the defendant's business disturbed the assembly or its worship. The gist of the offence prohibited by the statute is the sale of the merchandise, within the prohibited distance, without the consent of the managers of the meeting. Its object is, to prevent the disturbance of the assembly, rather than punish for the disturbance. A reasonable measure of prevention, in relation to gunpowder (Gen. St., *c.* 98) or combustible and dangerous buildings (Gen. St., *c.* 96, *ss.* 19, 20), is authorized, as well as the law of arson. A special, irregular, and transient traffic, engaged in only during the time of the camp-meeting and in its neighborhood, for the sole purpose of turning a concourse of people, accepting an invitation to religious worship, into a commercial opportunity, may create a danger of disturbance against which the constitutional rights of religion are entitled to protection. And that protection need not be confined to a penalty for actual disturbance. The danger may be dealt with as the danger of disease is averted, by quarantine regulations. *Pierce* v. *State*, 13 N. H. 536; *State* v. *Clark*, 28 N. H. 176; *Fisher* v. *McGirr*, 1 Gray 1; *License Cases*, 5 How. 504, 589; *Slaughter-House Cases*, 16 Wall. 36; Cooley Const. Lim. 572; Sedgwick St. and Const. Law (2d ed.) 435, *n.* a; 2 Kent Com. (12th ed.) 340, *n.* 2.

*Demurrer overruled.*